# In the United States Court of Federal Claims

No. 13-75 C

Filed: January 17, 2018

```
**************************************
                                     *
                                     *
PARICHEHR FARZAM,                    *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
        Defendant.                   *
                                     *
                                     *
**************************************
```

## ORDER DISMISSING CASE

On January 30, 2013, Parichehr Farzam ("Plaintiff") filed a Complaint in the United States Court of Federal Claims. ECF No. 1. The case was assigned to the Honorable Victor J. Wolski. ECF No. 2.

On July 18, 2013, Plaintiff filed an Amended Complaint, alleging: (1) breach of a 2008 Settlement Agreement between Plaintiff and the Broadcasting Board of Governors (the "BBG"); and (2) current unequal pay, in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (2012). ECF No.12. On November 12, 2013, the Government filed an Answer. ECF No. 28.

On September 17, 2015, the Government filed a Motion For Partial Summary Judgment, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 56. ECF No. 54. On November 5, 2015, Plaintiff filed an Opposition To Defendant's Motion For Partial Summary Judgment. ECF No. 60. On December 4, 2015, the Government filed a Reply. ECF No. 64.

On March 30, 2017, the case was reassigned to the undersigned judge. ECF No. 70.

On June 2, 2017, Plaintiff's attorney "sent an email to advise the court that Plaintiff died." ECF No. 72. That same day, the court issued an Order, staying the case for sixty (60) days, until August 2, 2017, and directing "Plaintiff's attorney [to] file a status report with the court on August 2, 2017, regarding how he/she wishes to proceed with this case." ECF No. 72.

On August 2, 2017, Plaintiff's attorney filed a Status Report, stating that Plaintiff's "three adult children, the named beneficiaries in [Plaintiff's] will, are not presently in agreement as to how to proceed," and requesting a "61-day extension of the [c]ourt's stay[.]" ECF No. 73.

On August 4, 2017, the court issued an Order, staying the case for sixty-one (61) days, until October 2, 2017, and directing "Plaintiff's attorney [to] file a status report on October 2, 2017." ECF No. 74.

On October 2, 2017, Plaintiff's attorney filed a Status Report, indicating that Plaintiff's children and the BBG were actively working toward a settlement proposal, and requesting a sixty (60) day extension of the court's stay. ECF No. 75.

On October 3, 2017, the court issued an Order, staying the case for sixty (60) days, until December 1, 2017, and directing "Plaintiff's attorney [to] file a status report on December 1, 2017." ECF No. 76.

On December 1, 2017, Plaintiff's attorney filed a Status Report, indicating that "[s]ome progress has been made," and requesting a ten (10) day extension of the court's stay. ECF No. 77. On December 11, 2017, Plaintiff's attorney filed a Status Report, indicating that although the "proper plaintiff [is] the (opened) estate of Parichehr Farzam[,] . . . none of the three beneficiaries designated in [Plaintiff's w]ill has taken steps to open her estate in probate or affirmatively indicated an intention to do so." ECF No. 78.

On December 18, 2017, the court convened a status conference.

On January 2, 2018, the court issued a Show Cause Order, pursuant to RCFC 25(a)(1) and 41(b). ECF No. 80. That order indicated as follows:

> In light of Plaintiff's death, and the failure to substitute the proper party, Plaintiff's attorney is directed to substitute the proper party on, or before, January 9, 2018. RCFC 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). If Plaintiff's attorney fails to do so, the court will dismiss the above-captioned case, without prejudice, pursuant to RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, the court may dismiss on its own motion[.]").

ECF No. 80 at 2.

On January 3, 2018, Plaintiff's counsel filed an unopposed Motion To Modify Order, requesting the court to "chang[e] the date by which substitution of the proper party must be made from January 9, 2018 to January 15, 2018." ECF No. 81. On January 4, 2018, the court granted the January 3, 2018 Motion To Modify Order.

On January 15, 2018, Plaintiff's counsel filed a Response And Motion To Withdraw. ECF No. 82. Plaintiff's counsel stated that he was "not able to provide a Notice of Compliance with the Court's Order, or even of partial compliance." ECF No. 82 at 2. Plaintiff's counsel indicated also that "[w]hile it technically may not be necessary in light of Ms. Farzam's death or dismissal of this action, in an abundance of caution undersigned respectfully wishes to have it now made crystal clear by the [c]ourt to anyone that he is entirely withdrawn from this case and that he has fulfilled his responsibilities in this matter." ECF No. 82 at 3.

In light of the failure to substitute the proper party in accordance with the court's January 2, 2018 Show Cause Order or show other cause why this case should not be dismissed, the Clerk of Court is directed to dismiss this case, without prejudice pursuant to RCFC 41(b). In addition, Plaintiff's counsel's January 15, 2018 Motion To Withdraw is denied as moot in light of this Order dismissing the above-captioned case.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**